IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

THOMAS MICHAEL BRADFORD,           )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      Civ. No. 17-1038-GMS
                                   )
SUSSEX CORRECTIONAL INSTITUTION,   )
et al.,                            )
                                   )
            Defendants.            )

## MEMORANDUM

## I.      INTRODUCTION

The plaintiff, Thomas Michael Bradford ("Bradford"), appears *pro se* and was granted

permission to proceed *in forma pauperis*. (D.I. 4.) Bradford filed this lawsuit alleging violations

of his civil rights pursuant to 42 U.S.C. § 1983 and raising supplemental state claims.[1] (D.I. 2.)

The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.     BACKGROUND

Bradford alleges that on July 28, 2015, he was transported to the Bebee Medical Center

for treatment and evaluation following an assault. At some point in time, the defendants

Delaware State Police troopers Wayne L. Ingram ("Ingram"), Cheri Magda ("Magda"), and

Carolee Lenoir ("Lenoir") arrived and questioned Bradford about the assault. When Bradford

was told that he was being taken to another observation room he stated that he was leaving, the

State troopers forced him into a wheelchair against his will. Bradford unknowingly kicked a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a
federal right, and that the person who caused the deprivation acted under color of state law. *West
v. Atkins*, 487 U.S. 42, 48 (1988).

trooper. Later, he awakened to discover that he was lying on the floor in a cell at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. He had extreme pain in his arm.

Bradford was released around noon with instructions to seek treatment for a dislocated shoulder. Bradford immediately sought treatment for his arm at the Beebe Medical Center. Bradford alleges he has nerve damage due to delayed treatment for the dislocated shoulder and has a paralyzed right arm. He alleges that Ingram, Magda, and Lenoir used excessive and unnecessary force to subdue him. In addition, he alleges that while at SCI he was not treated for his injuries and was held in a hot cell until he complained of his extreme pain. Bradford seeks compensatory and punitive damages.

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bradford proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly

baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bradford leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the

facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

The SCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). In addition, dismissal is proper because the SCI is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008) (unpublished).

Accordingly, the court will dismiss the SCI pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as it is immune from suit. The complaint alleges what appear to be non-frivolous and cognizable claims against Ingram, Magda, and Lenoir.

## V.   CONCLUSION

Bradford will be allowed to proceed with his claims against Ingram, Magda, and Lenoir.

The court will dismiss all claims against the SCI as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____Nov 16_____, 2017
Wilmington, Delaware